**In re H. Gary MacCUBBIN and Gloria V. MacCubbin, Debtors.**

**HAMILTON BANK, formerly National Central Bank, Plaintiff,**

v.

**Lawrence V. YOUNG, Esquire, Trustee for the Estate of H. Gary MacCubbin and Gloria V. MacCubbin and H. Gary MacCubbin and Gloria V. MacCubbin, Individually, Defendants.**

**Bankruptcy No. 1–81–00274.
Adv. No. 1–81–0252.**

United States Bankruptcy Court,
M. D. Pennsylvania.

June 25, 1982.

Eugene R. Campbell, York, Pa., for plaintiffs.

Lawrence V. Young, York, Pa., Trustee.

John W. Thompson, Jr., York, Pa., for defendants.

## MEMORANDUM FOR MODIFICATION OF AUTOMATIC STAY

THOMAS WOOD, Bankruptcy Judge.

The plaintiff has filed a complaint to lift the automatic stay. The debtors' answer raises several legal issues. The parties have stipulated to the facts.

### STIPULATED FACTS

1. On October 4, 1979, plaintiff committed a line of credit to J. L. Ness and Company, Inc. in the amount of $100,000.00. One of the conditions of the said commitment was the guaranty of the line of credit by debtors/defendants and the granting of a mortgage on the personal residence of debtors/defendants.

2. On October 5, 1979, debtors/defendants made, executed and delivered a guaranty to plaintiff. On October 5, 1979, debtors/defendants made, executed and delivered a collateral mortgage to plaintiff to secure the said guaranty. The collateral mortgage was recorded on October 19, 1979, in mortgage book 45–0, page 479, in the Office of the Recorder of Deeds of York County, Pennsylvania.

3. On or about July 1, 1980, J. L. Ness and Company, Inc. ceased operations. Plaintiff and debtors/defendants liquidated the assets of J. L. Ness and Company as much as possible and obtained the best price available. While it is possible that there may be a few more collectible accounts receivable, it is unlikely that these accounts will be sufficient to affect the figures set forth in the following paragraph.

4. The reasonable market value of the subject real estate is $75,000.00. The first mortgage is $34,380.91. This leaves equity of $40,620.00. The total due plaintiff is $58,000.00. Even without taking into consideration costs of sale, the equity is insufficient to pay off the balance due plaintiff.

5. The subject real estate has been abandoned by debtors/defendants and is currently vacant.

## DISCUSSION

The legal issues submitted by counsel are the following: (1) Are debtors barred from raising their exemption as a defense because they failed to claim that exemption? (2) Can the debtors avoid the bank's mortgage on the basis that it is a secondary lien? (3) Is the subject mortgage a security interest or a judicial lien?

### Claim of Exemption

While Bankruptcy Rule 403 requires the debtors to "claim (their) exemptions in the schedule of (their) property . . .," Bankruptcy Rule 110 allows the debtors to amend their schedules at "any time before the close of the case." Therefore, the debtors defense is not barred by their failure to claim the exemption in their original schedules. There are no equitable considerations which bar exercise of the exemption right at this point.

### Avoidance of Mortgage Lien

The debtors contend that the lien of the plaintiff's mortgage is subject to avoidance for the reason that it is secondary to another lien. In support of their contention, they cite the case of *In re Acklin*, 17 B.R. 614 (Bkrtcy.W.D.Pa.1982). The facts of *Acklin* differ from those at hand. In *Acklin*, there was an intervening judicial or statutory lien. In the case at bar, the mortgage is the second lien in the order of priority; there is no intervening judicial or statutory lien. The mortgage lien is not avoidable.

### Types of Mortgage

Finally, the debtors contend that the mortgage cannot be treated as a mortgage. It is their position that a mortgage granted for the purpose of securing a debt guaranty executed by the debtors must be regarded and dealt with as a judicial lien. We see no basis for this position, and none has been provided by the debtors' counsel.

## CONCLUSION OF LAW

The plaintiff is entitled to relief from the automatic stay. An appropriate order will be entered.